832 So.2d 829 (2002)
ATLANTIC EXPRESS CORP., Appellant,
v.
Rudolph STAMP, Appellee.
No. 3D01-1421.
District Court of Appeal of Florida, Third District.
November 13, 2002.
Rehearing Denied December 27, 2002.
*830 Fowler White Burnett and June G. Hoffman and Steven E. Stark and Allan R. Kelley, Miami, for appellant.
Huggett & Watford; Elizabeth K. Russo and Charmain Williams, Miami, for appellee.
Before COPE, LEVY, and FLETCHER, JJ.
PER CURIAM.
Appellant, Atlantic Express Corporation (Atlantic Express), appeals from an Order denying its Proffer of Evidence as to Payment of Annuity and Motion for Order Granting Set-Off. We reverse.
On June 13, 1999, Appellee Rudolph Stamp was rendered a quadriplegic in an accident while working on a vessel as a seaman for Appellant Atlantic Express. On or about June 25, 1999, Stamp brought an action against Atlantic Express asserting a Jones Act negligence claim for personal injuries, an unseaworthiness claim, and a claim for maintenance and cure. On April 5, 2001, the jury returned a $5,803,250.00 verdict in favor of Stamp, which included an award of $2.7 million for future medical, hospital, and life care expenses.
During the trial, Atlantic Express filed a Proffer of Evidence as to Payment of Annuity and Motion for Order Granting Set-Off in which it alleged that it purchased an annuity for the benefit of Stamp which would pay him $10,000.00 per month for the remainder of his life. According to the Motion, "[t]he intent of the annuity was to assure the availability of funds for Mr. Stamp's necessary health care and comfort for the past and into the future for the remainder of his life," and to "alleviate the concerns of Mr. Stamps [sic] family regarding the availability of necessary funds to properly provide for Mr. Stamp's health and comfort." Atlantic Express contended that, under the Federal collateral source rule, it was entitled to a set-off against any award for future medical care. We agree.
In evaluating whether a benefit derives from a collateral source, a court should determine whether the benefit was in the nature of a fringe benefit or whether the benefit reflects a tortfeasor's effort to anticipate potential legal liability. See Davis v. Odeco, Inc., 18 F.3d 1237, 1244 (5th Cir.1994). The factors that a court should consider are (1) whether the employee contributes to the plan, (2) whether the benefit plan stems from a collective bargaining agreement, (3) whether the plan covers both work-related and non work-related injuries, (4) whether payments under the plan correlate with the employee's length of service, and (5) whether the plan contains specific language requiring that benefits received under the plan be set-off against a judgment adverse to the tortfeasor. See Davis, 18 F.3d at 1244 (citations omitted). Based on the facts and the foregoing factors, we conclude that the purchase of the annuity was an effort by Atlantic Express to anticipate potential legal liability. Therefore, Atlantic Express is entitled to a set-off for the actual cost of the annuity of *831 $540,520.00. Accordingly, we reverse and remand with directions to the trial court to grant Atlantic Express' Motion, and to set-off $540,520.00 from the Final Judgment.
Reversed and remanded with directions.